UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal. No. 5:26-cr-48-01-GFVT |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | **SENTENCING ORDER** |
| KEVIN RYAN STRAW, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

In compliance with the Sentencing Reform Act, it is hereby **ORDERED** as follows:

1.      Sentencing proceedings are set in this case for the **Defendant, Kevin Ryan Straw., on Tuesday, August 11, 2026, at the hour of 1:30 p.m.,** at **FRANKFORT**, Kentucky.

2.      The Defendant and defense counsel shall meet with the probation officer for an interview promptly, and in no event **no later than ten (10) days** from the date of this Order.  It shall be the responsibility of defense counsel to contact the Probation Office to ascertain the time and place of the interview, unless defense counsel's attendance is waived.

3.      **Not less than thirty-five (35) days** prior to the date of the sentencing, the probation officer shall provide a copy of the pre-sentence report to counsel for the parties. **Within fourteen (14) days** thereafter, counsel shall submit by letter, all objections to the presentence report to the probation officer and opposing counsel.  After receiving said

objections, the probation officer shall conduct a meeting with counsel, investigate the matters of concern and, if warranted, revise the pre-sentence report accordingly.

4.    **Not less than ten (10) days** prior to the sentencing hearing, the probation officer shall submit the pre-sentence report to the undersigned.  The pre-sentence report shall be accompanied by an addendum setting forth all unresolved objections and the probation officer's comments in regard thereto.  A copy of the revised pre-sentence report, together with the addendum, shall be mailed to counsel for the parties.

5.    **Not less than five (5) days** prior to the sentencing hearing the parties shall file in the record a memorandum brief in support of their respective positions on any unresolved objections to the pre-sentence report.  Absent good cause shown, the Court will not consider untimely filed memoranda.

6.    With the exception of the matters set forth in the addendum, the revised pre-sentence report shall be accepted as accurate.  The matters set forth in the addendum, together with such objections as could not have been raised earlier, shall be resolved at the sentencing hearing.  In resolving the disputed issues of fact, all reliable information shall be considered.

7.    The time set forth in this Order may be modified by the Court for good cause shown, except that the **thirty-five (35) day** period provided for disclosure of the pre-sentence report pursuant to Fed.R.Crim.P. 32(e)(2) may be diminished only with the Defendant's consent.

8.    Nothing in this Order requires the disclosure of any matter addressed by Fed. R. Crim. P. 32(i)(1)(B) and (d)(3).

9.    The pre-sentence report will be deemed disclosed:

(a) When the report is physically delivered to counsel;

(b) One (1) day after the report's availability is orally

communicated to counsel; or

(c) Three (3) days after notice of its availability is mailed to

counsel, or the date of availability reflected in the notice,

whichever is later.

10.    The disclosure of the pre-sentence report to the Defendant shall be the responsibility of the Defendant's counsel.

11.    The probation officer shall not disclose the probation officer's recommendation, if any, on the sentence.

12.    Following the sentencing hearing, the United States Probation Office shall retain the pre-sentence report in the probation office file pursuant to General Order No. 08-15.  In the event of an appeal, the U.S. Probation Office will file a copy of the record, under seal, for inclusion in the record on appeal.

13.    To the extent a written plea agreement exists between the parties, the plea agreement(s) shall be filed electronically pursuant to General Order No. 23-8, filed on March 13, 2023, unless otherwise ordered by the Court.

14.    To the extent that character letters are submitted on behalf of the Defendant, the Clerk of the Court is directed to place these letters in the record, unless otherwise ordered by the Court.

15.    Any motions filed pursuant to U.S.S.G. § 5K1.1 and/or 18 U.S.C. § 3553(e) shall be filed no later than **three (3) business days** prior to the scheduled sentencing date.  The Motion shall be accompanied by a memorandum specifically

articulating the basis of the motion, including but not limited to a thorough discussion of the factors contained in the aforementioned provisions, **both of which shall be filed under seal**. The failure to timely file the motion or include the required memorandum may result in denial of the motion. In addition to filing with the Clerk of the Court, a courtesy copy of such motion and any response shall be transmitted electronically to the undersigned at *gfvt_chambers@kyed.uscourts.gov*.

16. Unless the Court announces otherwise at sentencing, the conditions of supervised release shall include all mandatory conditions listed in General Order 22-08 and in 18 U.S.C. §3583(d), including any additional standard conditions listed in the PSR to which neither party objects. Defense counsel shall notify Defendant of all mandatory conditions contained in GO 22-08 and 18 U.S.C. § 3583(d) and all standard conditions recited in PSR and ensure that Defendant is aware of what the supervision conditions will likely be absent objection and/or Court modification. The Clerk of the Court shall attach a copy of GO 22-08 to this Order.

This the 11th day of May 2026.

Gregory F. Van Tatenhove
United States District Judge

cc: COR-USP