**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DISTRICT**
**LEXINGTON**

**CRIMINAL ACTION NO: 5:26-CR-48-REW**

**UNITED STATES OF AMERICA**                                   **PLAINTIFF**


**V.**           **UNITED STATES'S SENTENCING MEMORANDUM**


**KEVIN RYAN STRAW**                                           **DEFENDANT**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

The Defendant, Kevin Ryan Straw, initiated and executed a multi-faceted fraud scheme that reached over a dozen victims, including two Fraternal Order of Police Lodges.  Balancing the seriousness of the offense, the need to promote respect for the law and deter others, and other factors set forth in 18 U.S.C. § 3553(a), the United States recommends a guideline sentence of twenty-seven (27) months, a term of supervised release, and restitution of $187,164.45.  This sentence meets the objectives of 18 U.S.C. § 3553(a) in fashioning a sentence that is adequate, but not greater than necessary.

### I.      The Advisory Sentencing Guideline Range Is Correctly Calculated

The advisory Sentencing Guideline range serves as the "starting point and initial benchmark" for the Court's sentencing analysis.  *United States v. Bolds*, 511 F.3d 568, 579-80 (6th Cir. 2007) (citation omitted).  Thus, the Court "should begin all sentencing proceedings by correctly calculating the applicable Guidelines range."  *United States v.*

*King*, 553 Fed. Appx. 518, 520 (6th Cir. 2014) (citing *Gall v. United States*, 552 U.S. 38, 49 (2007)).

The Presentence Investigation Report (PIR) correctly calculated an offense level of 16, comprised of a base offense level of seven (7) for wire fraud; a ten (10) level increase because the loss amount exceeded $150,000; a two (2) level increase because the offense involved 10 or more victims; a two (2) level increase because the defendant abused a position of public or private trust; a three (3) level decrease for his timely acceptance of responsibility; and an additional two (2) level decrease for his status as a zero-point offender.  *See* U.S.S.G. §§ 2B1.1(a)(1), 2B1.1(b)(1)(F), 2B1.1(b)(2)(A)(i), 3B1.3, 3E.1.1, and 4C1.1(a).  [PIR ¶¶ 18-27.]

Given this offense level and the defendant's criminal history category of I, his advisory Guideline range is imprisonment for 21 to 27 months, supervised release of not more than three years, and a fine of $10,000 to $95,000. [PIR ¶¶ 52, 54, and 62.]

## II.    The 18 U.S.C. § 3553(a) Factors Support a Guideline Sentence

While the advisory Sentencing Guideline range serves "as the starting point and initial benchmark" for the Court's sentencing analysis, *Bolds,* 511 F.3d 579-80, the Court must also consider the other factors set forth in 18 U.S.C. § 3553(a).  The factors include the nature and circumstance of the offense, the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense and to afford adequate deterrence, to protect the public and provide the defendant with needed educational training or medical care, the kinds of sentences available, the need to avoid unwarranted sentencing disparities between similarly-situated defendants, and the need to

provide restitution to the victims.  When determining the appropriate sentence to be imposed, the Court seeks to find a punishment that is "sufficient, but not greater than necessary".  18 U.S.C. § 3553(a).

In achieving this task, district courts consider the Sentencing Guidelines *together* with the statutory factors set forth in § 3553(a).  *See United States v. Booker*, 543 U.S. 220, 246 (2005).  This is because the Guidelines "reflect the fact that the Sentencing Commission examined tens of thousands of sentences and worked with the help of many others in the law enforcement community over a long period of time in an effort to fulfill [its] statutory mandate." *Rita v. United States*, 551 U.S. 338, 349 (2007). The Guidelines therefore "seek to embody the § 3553(a) considerations, both in principal and in practice." *United States v. Haj-Hamed*, 549 F.3d 1020, 1027 (6th Cir. 2008) (*quoting Rita*, 552 U.S. at 350).

Courts should endeavor to "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).  The most effective way to avoid such disparities is to sentence each defendant within the correctly calculated guideline range.  *See United States v. Smith*, 564 F. App'x 200, 205 (6th Cir. 2014).  "[O]ne of the fundamental purposes of the Guidelines is to help maintain national uniformity in sentences, and considering that most sentences are within the Guidelines, the Guidelines themselves represent the best indication of national sentencing practices." *United States v. Houston*, 529 F.3d 743, 752 (6th Cir. 2008).

The nature and circumstances of the offense reveal a serious crime resulting from a brazen breach of trust.  The defendant held various leadership roles at the Fraternal Order of Police ("FOP"), Metropolitan Lodge 32, and the Kentucky FOP Lodge, in addition to defrauding at least ten individuals as part of an investment fraud scheme.  As reflected in the victim impact statements, his crime took advantage of the trust and good faith that these law enforcement centered organizations implicitly held in their officers. He further took advantage of individual law enforcement officers through his investment fraud scheme.  The defendant's crime was not the result of passion, impulse, mistake, or a momentary lapse of judgment or control, but was calculated and evolved over the course of two years to find new victims and new ways to exploit the trust these individuals and organizations placed in him.

The sentence must reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(A)(B).  Balancing all the relevant factors, the United States submits that a guideline sentence of 27 months imprisonment, restitution in the amount of $187,164.45, and supervised release of three years is an appropriate sentence.[1]

---

[1]     A sentence of 27 months would be higher than the average sentence data available from the United States Sentencing Commission through the Judiciary Sentencing Information (JSIN) database.  For the average fraud defendant under 2B1.1, with a Criminal History I, and Offense Level of 16, the average and median length of imprisonment imposed was 14 months.  *See* JSIN database, available at: https://jsin.ussc.gov/analytics/saw.dll?Dashboard.  However, a sentence of 27 months is well supported by the aggravated nature of Mr. Straw's conduct, the impact on the victims, and presumptively avoids unwarranted sentencing disparities as a sentence within the correctly calculated guideline range.

### III.    Restitution Should be Imposed

A defendant convicted of an offense under Title 18 of the United States Code may be ordered by the Court to pay restitution to any victim.  18 U.S.C. § 3663(a)(1)(A).  A "victim" is a person who was directly harmed as a result of the commission of the offense.  18 U.S.C. § 3663(2).  The parties agreed restitution should be imposed in the amount of $187,024.45.  With one exception, the amounts owed to each specific victim – all of whom are victims pursuant to 18 U.S.C. § 3663(a)(2) – are correctly set forth in the PIR and are included below:

| Victim | Amount |
|---|---|
| Ten individual victims | $80,200 |
| Lodge 32 | $49,760 |
| State FOP | $57,064.45 |
|  |  |
| **Total Intended Loss** | **$193,824.45** |
| **Total Actual Loss** | **$187,024.45** |

The amounts owed to the individual victims are spelled out below, with one exception:

| Victim | Amount | Amount paid back by Straw | Restitution owed |
|---|---|---|---|
| B.B. | $10,000 | $0 | $10,000 |
| C.N. and B.N. | $6,000 | $1,800 | $4,200 |
| D.M. | $3,000 | $0 | $3,000 |
| J.M. | $1,500 | $0 | $1,500 |
| K.G. | $25,000 | $0 | $25,000 |
| S.H. | $15,000 | $5,000 | $10,000 |
| T.J. | $1,000 | $1,000 | $0 |
| T.J.-2 | $5,000 | $0 | $5,000 |
| B.P. and T.P. | $17,500 | $0 | $17,500 |
| J.R. | $10,000 | $6,000 | $4,000 |
|  |  |  |  |
| **Totals** | **$94,000** | **$13,800** | **$80,200** |

The United States notes two discrepancies between the amounts requested by victims J.M. and J.R. in their Declaration of Victim Losses. The restitution amount of $4,000 for J.R. is correct. The United States submits under seal, contemporaneously with this sentencing memorandum, the underlying investigative materials that support the restitution amount outlined in the PIR for J.R. *See* Exhibit A & B. However, the amount of restitution owed to victim J.M. should be increased from $1,500 to $1,640. As grounds, the United States notes that J.M. provided his investment funds to the Defendant via cash, which were not traceable in the financial records obtained in the investigation. During his interview, J.M. estimated his loss to be $1,500. *See* Exhibit C. In preparing his declaration of loss form, J.M. consulted his text messages with the Defendant and confirmed his loss was actually $1,640. *See* Exhibit D. This increase of $140 does not change the guideline calculation and brings the total amount of restitution owed to $187,164.45. The Court should order restitution in that amount as part of the judgment.

### IV.    Supervised Release Should be Imposed

The defendant owes restitution to twelve victims and recently declared bankruptcy. A term of supervised release of three years would be sufficient for this defendant to ensure he starts paying restitution. Further, the condition that he not incur new credit charges or open additional lines of credit without approval of the probation officer during his supervised release should be imposed. [*See* PIR at ¶ 57.]

For these reasons stated above, a sentence of imprisonment within the guidelines range, restitution in the amount of $187,164.45, and a term of supervised release of three years is sufficient, but not greater than necessary. While the United States does not

6

believe a fine should be imposed due to the amount of restitution that is owed and the defendant's financial situation, the United States defers to the Court on the imposition of a fine.

### V.    Four Victims Wish to Speak at the Sentencing Hearing

By statute and pursuant to the Federal Rules of Criminal Procedure, victims are entitled to the opportunity to be heard at the sentencing.  18 U.S.C. § 3771(a); Fed. R. Crim. P. 32(i)(4)(B).  The impact of the Defendant's conduct on these victims is apparent from the victim impact statements submitted to date.   At least four victims wish to be heard at the sentencing hearing: (1) a representative from the Kentucky FOP, (2) a representative for K.G.[2], (3) J.M., and (4) D.M.  As reflected in the PIR, all four are victims pursuant to 18 U.S.C. § 3771(e)(2).

Respectfully submitted,

JASON D. PARMAN
FIRST ASST. UNITED STATES ATTORNEY

By:    *s/ Kate K. Smith*
Assistant United States Attorney
260 W. Vine Street, Suite 300
Lexington, Kentucky 40507-1612
(859) 685-4855
FAX (859) 233-2747
Kate.Smith@usdoj.gov

---

[2]    Victim K.G. cannot attend the sentencing hearing in person due to familial obligations and has requested leave for her mother to read her victim impact statement at the sentencing hearing.  The United States notes that K.G. shares a child with the Defendant.  [PIR ¶ 39.]

<u>CERTIFICATE OF SERVICE</u>

On August 6, 2026, I electronically filed this document through the ECF system, which will send the notice of electronic filing to counsel of record.

/s/ Kate K. Smith
Assistant United States Attorney